UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> V. <br><br> RASHEEDA CORREEN WILLHITE, <br>     Defendant. | CRIMINAL ACTION 5:20-45-KKC-2 <br><br> **OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

Defendant Rasheeda Correen Willhite has filed a motion for compassionate release (DE 132) pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States having responded (DE 138), and Willhite not having replied, the matter is now ripe for the Court's review. For the following reasons, the Court must deny the motion.

In 2021, Willhite pled guilty (DEs 88, 90) to one count of maintaining a residence used for unlawfully manufacturing, storing, distributing, or using, a controlled substance in violation of 21 U.S.C. § 856(a)(2). By judgment dated September 22, 2021, this Court sentenced Willhite to a term of imprisonment of thirty-six (36) months followed by three (3) years of supervised release. (DE 117.) She has served approximately seven months of her sentence and is incarcerated at Alderson Federal Prison Camp, with a projected release date of July 13, 2024.

Willhite moves the Court to modify her sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." Prior to the First Step Act of 2018, compassionate release could only be requested by the Director of the Bureau of Prisons (BOP). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to

file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The government does not dispute that one of these conditions is met here. Accordingly, the Court has jurisdiction over this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

In her motion, Willhite primarily cites the recent death of her father, who apparently was the caretaker of Willhite's ten-year-old son. (DE 132-1 at 1.) Willhite previously

2

indicated to the Court (DE 116 at 1) that her mother and her mother's husband would be taking care of her ten-year-old son, and she does not explain why that plan is no longer viable. The present circumstances are undoubtedly tragic for Willhite's family, and the Court offers Ms. Willhite its condolences for her loss. As other courts evaluating motions such as this one have noted, the care of minor children while a parent is incarcerated is unfortunately a problem faced by many convicted defendants. *See United States v. Kibby*, No. 2:19-cr-179, 2021 WL 2009568, at *3 (S.D. Ohio May 20, 2021); *see also United States v. Cole*, No. 18-20237, 2021 WL 194194, at *3 (E.D. Mich. Jan. 20, 2021) ("A crime often inflicts harm, not only on a direct victim, but on those in a defendant's circle of family and friends who depend on that defendant for all manner of support."). This Court, like those courts, acknowledges the unfortunate nature of the circumstances but does not find them uncommon or extraordinary such that release is warranted, especially when viewed in light of the section 3553(a) factors.

Although Willhite did not indicate on her paperwork that she was seeking release due to medical conditions (DE 132 at 4), Willhite also cites her "back" and her "depression and bipolar" in her letter to the Court. (DE 132-1 at 1.) Willhite has not submitted any medical records and does not provide any further details by which the Court could determine that her medical conditions constitute the kind of extraordinary and compelling circumstances that warrant a sentence reduction pursuant to §3582(c)(1)(A).

To the extent that Willhite also has concerns about COVID-19 (DE 138-1), those concerns do not warrant release. Willhite has indicated that she is vaccinated, (DE 132-1), and the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

Even if sufficient extraordinary and compelling circumstances existed to warrant a sentence reduction, the Court would still have to consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1106. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The Court considered these factors extensively at Willhite's original sentencing hearing (DE 129), and the Court has reconsidered them for this motion. Willhite pled guilty to a serious offense involving a large quantity of drugs, and she was sentenced to thirty-six (36) months of imprisonment, a downward departure of approximately ten years from the guideline range. She has thus far served less than 35% of her sentence. While the Court acknowledges the difficult circumstances that Willhite's family faces, the Court must consider all of the § 3553(a) factors in making its determination. Considering the § 3553(a)

4

factors, for the reasons stated in this opinion and at the time of Willhite's sentencing, it is not appropriate to order her release at this time.

Willhite also requests that the Court appoint counsel to represent her on this motion. (DE 132 at 6.) No constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582(c). *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (collecting cases)). The decision to appoint counsel in these circumstances is within the Court's discretion, and counsel may be denied if the issues are straightforward and resolvable upon review of the record. *Id.* The Court was able to resolve this motion on the record before it, and, thus, appointment of counsel is not appropriate.

For all these reasons, the Court HEREBY ORDERS that Defendant Rasheeda Correen Willhite's motion for compassionate release (DE 132) is DENIED.

This 5th day of July, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY